# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50327 | **DATE** | 12/28/2010 |
| **CASE TITLE** | Thomas vs. Justices of the Supreme Court of the State of Illinois, et al. | | |

**DOCKET ENTRY TEXT:**

This court lacks subject matter jurisdiction to hear this action and it is therefore dismissed in its entirety.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Stephen T. Thomas, has filed a pro se complaint pursuant to 42 U.S.C. § 1983 alleging that his federal civil rights have been violated by defendants, the Justices of the Supreme Court of the State of Illinois; the Justices of the Illinois Appellate Court, Second District; and the Judges of the Circuit Court for the 17th Judicial Circuit. Plaintiff, who is not in custody and has paid this court's filing fee, maintains that certain judgments entered by these state courts in an on-going criminal prosecution brought against him are void because defendants failed to follow state and federal law in violation of his federal constitutional rights. In his complaint, plaintiff requests an injunction commanding defendants to vacate the void judgments.

The Rooker-Feldman doctrine prohibits federal courts other than the Supreme Court from exercising subject matter jurisdiction when the federal plaintiff alleges that his or her injury was caused by a state court judgment. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Claims that seek to set aside a state court judgment are de facto appeals and are barred without additional inquiry. Taylor v. Federal Nat'l Mortg. Ass'n, 374 F.3d 529, 532 (7th Cir. 2004). "Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit." Winters v. Fru-Con Inc., 498 F.3d 734, 740 (7th Cir. 2007) (citations omitted). Federal courts are "obliged to police the constitutional and statutory limitations on their jurisdiction," and should sua sponte raise and consider jurisdictional issues regardless of whether the matter is ever addressed by the parties to the suit. See Kreuger v. Cartwright, 996 F.2d 928, 930-31 (7th Cir. 1993). The instant action is barred under the Rooker-Feldman doctrine and is therefore dismissed in its entirety for want of subject matter jurisdiction.

Additionally, the court notes that this is the second frivolous action plaintiff has filed this month seeking an order from this federal district court vacating the judgments of state courts. See Case no. 10-cv-50292 (dismissed for want of jurisdiction on December 22, 2010). This court has now twice explained that it lacks subject matter jurisdiction to issue such an order. Plaintiff is admonished that further actions seeking such relief could result in sanctions and referral of plaintiff to this court's Executive Committee for their consideration of whether to classify him as a vexatious litigant and enjoin him from filing further actions absent leave of the Committee.